The Porto Rico General Telephone Company *v.* The Registrar of Property.

Appeal from a decision of the Registrar of Property of Mayagüez.

No. 128.—Decided November 1, 1912.

Property of Minors — Patria Potestas — Encumbrance of Property of Minors—Record of Lease by Agreement of Parties.—A lease of real prop-

erty for a term of five years, recordable in the registry by express agreement of the parties, constitutes a real right in favor of the lessee and is therefore subject to the provisions of section 229. of the Civil Code, as amended by Act No. 33, of March 9, 1911, in accordance with which the exercise of the *patria potestas* does not authorize the father or mother to alienate or encumber the real property of their children which they administer without previous authorization from the proper district court.

Id.—Recordable Title—Construction of Law—Capacity of Minors to Lease.— The provisions of paragraph 5 of article 2 of the Mortgage Law specifying the contracts of lease which are recordable should be construed in the sense that such provisions are without limitation when applied to a lease executed by persons who are in full enjoyment of their civil rights, but when the lease is of the property of minors their capacity must be regulated by the provisions of the Civil Code on the subject.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for appellant.

The respondent appeared in his own behalf.

Mr. Justice Wolf delivered the opinion of the court.

A lease executed on September 29, 1911, was presented for record in the Registry of Property of Mayagüez by Doña Luisa Roselló, widow of Perea, in her own right and as having the *patria potestas* over her five minor children. The lease was in favor of The Porto Rico General Telephone Company for the term of five years, with the right on the part of the company to extend the contract for five years more, the parties having given their consent to record said lease in the registry of property in spite of its lacking the necessary conditions prescribed by the fifth paragraph of article 2 of the Mortgage Law.

The registrar recorded the document with regard to the mother, and in a note of May 15, 1912, refused to record with respect to the minor children, because, if the lease were to be considered as a source of personal obligations, it was not subject to record, and if it was regarded as a true real property right, even then it was not subject to record because of a lack of previous judicial authorization to allow Doña Luisa Roselló to execute an encumbrance on the real property of her minor children. The company appealed, and both parties have fi'ed briefs in this court.

We think that the Registrar of Mayagüez was right in refusing the record of the lease in question in so far as it referred to the minor children.

Paragraph 5, article 2, of the Mortgage Law designates as subject to record leases of real estate having a term in excess of six years or those in which the rental of three or more years has been paid in advance, or when, without any of these conditions, there is an express agreement by the parties to record in the Registry of Property of Mayazüez by Doña Luisa tation when applied to persons in the full enjoyment of their civil rights, but the same thing is not true when, as in the present case, the 'essors are minors whose capacity must be determined by the provisions of the Civil Code.

The kind of a lease that may be recorded is one conceding a real property right in favor of the lessee, and such right is to that extent subject to section 229 of the Civil Code as amended by law No. 33 of March 9, 1911, according to which the exercise of the *patria potestas* does not authorize the fathr or the mother to alienate or lay any encumbrance on any real property of a child which is under administration without the previous authorization of the proper district court.

Although the lease in question is not for a term of six years, nevertheless the agreement of the parties to record it in the registry gives such lease an effect equivalent to an excess of six years' lease, and in all events constitutes a true real-property right governed by the provisions of section 229 of the Civil Code as amended.

The note must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.